14 A.3d 745

LAURA HIGGINS AND ROBYN CALCATERRA, PLAINTIFFS–RESPONDENTS, v. MARY F. THURBER AND THURBER CAPPELL, LLC, DEFENDANTS–APPELLANTS.

Argued February 8, 2011—Decided March 16, 2011.

*Robert B. Hille* argued the cause for appellants (*Kalison, McBride, Jackson & Robertson,* attorneys; *Mr. Hille* and *John W. Kaveney,* on the briefs).

*Gerald J. Monahan* argued the cause for respondents.

PER CURIAM.

The Appellate Division concluded that this legal malpractice action was not "precluded by the disposition of earlier lawsuits or otherwise barred." *Higgins v. Thurber,* 413 *N.J.Super.* 1, 5, 992 *A.*2d 50 (App.Div.), *certif. granted,* 203 *N.J.* 438, 3 *A.*3d 1227 (2010). In reversing the grant of summary judgment to defendants, the panel specifically noted that although a potential claim sounding in legal malpractice may have been raised in a previous Bergen County probate proceeding in which defendant Mary

Thurber intervened on the cusp of a firm trial date, the panel was unable to conclude that plaintiffs had "a full and fair opportunity to litigate those claims or that it would otherwise be equitable to bar this subsequent suit [under the entire controversy doctrine]." *Ibid.* We now affirm, substantially for the reasons expressed in the cogent opinion written by Judge Fisher. We add only the following in respect of the parties' dealings in the Bergen County probate proceeding.

The probate proceeding here involved an action for settlement of an account, seeking an accounting on an Estate Trust formed by the plaintiffs' deceased father. *See R.* 4:87–1 to –9 (establishing procedures for actions for the settlement of accounts). In exceptions to the accounting filed by plaintiff, Robyn Calcaterra, *see R.* 4:87–8, facts were alleged sufficient to constitute a potential legal malpractice claim against defendant Mary Thurber.

▆▆▆ An action to settle an account on an estate trust is a formalistic proceeding, unique to probate. *See R.* 4:87–1(a). Its stylized format involves a line-by-line review on the exceptions to an accounting. In the context of this and like proceedings in probate, the entire controversy doctrine is out of place. *See Perry v. Tuzzio,* 288 *N.J.Super.* 223, 229, 672 *A.*2d 213 (App.Div.1996). The Appellate Division in the present case rightly detected that it would be anomalous to assume that Thurber's intervention in the specialized probate accounting proceeding that focused on the executor somehow converted the proceeding into an action binding as to any and all other potential actions in respect of other parties. As Judge Pressler observed fifteen years ago in *Perry,* an action for an accounting on an estate provides a means for addressing "the conduct of the executor, not the conduct of others." *Ibid.* While it certainly may be permissible for a chancery court to expand a probate proceeding to encompass a claim of legal malpractice, that was not done here.

▆▆▆ Here, legal malpractice was not pled by any party to the Bergen County probate action. No affidavit of merit was submitted in support of a claim of legal malpractice. And, our review of

the expert reports that were submitted in that accounting action bear out what plaintiffs' counsel asserted at oral argument before this Court: the reports were not geared to support a malpractice claim against the executor's attorney but rather were framed to address the actions of the executor that were being faulted.

In conclusion, we agree with the Appellate Division panel that the belated intervention by Thurber raised equitable reasons for not applying the entire controversy doctrine in this matter. Moreover, like the Appellate Division, we view the entire controversy doctrine as generally having no place in probate proceedings, for the reasons expressed by Judge Pressler in *Perry*. Furthermore, we are persuaded to affirm the panel's judgment also for the substantial reason that the claims actually pled and prepared for the probate action by plaintiffs did not encompass a legal malpractice claim against the belatedly intervening Thurber.

The judgment of the Appellate Division is affirmed.

*For affirmance*—Justices LONG, LaVECCHIA, RIVERA-SOTO and HOENS and Judge STERN—5.

*Not Participating*—Chief Justice RABNER and Justice ALBIN—2.