**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2540-15T1

NEW BANK,

       Plaintiff-Respondent,

   v.

GREEN BAMBOO, LLC, HYUN S.
KIM, GONG JOO KIM, JOKER
BILLIARDS, LLC, and CHAI HONG,
LLC,

       Defendants,

   and

CHANG D. KIM,

       Defendant-Appellant.

_____

       Submitted February 7, 2017 — Decided  February 28, 2017

       Before Judges Fisher and Ostrer.

       On appeal from the Superior Court of New
       Jersey, Law Division, Bergen County, Docket
       No. L-20088-14.

       Matthew Jeon, attorney for appellant.

       Rotolo, Bozanian & Yi, LLC, attorneys for
       respondent (P. Cliff Rotolo, on the brief).

PER CURIAM

After closely examining the record in this appeal from the denial of a Rule 4:50 motion, we find no merit in the argument that appellant was not properly served with the summons and complaint.

Plaintiff New Bank commenced this action against defendant Green Bamboo, LLC, which, on January 17, 2014, executed a promissory note to repay a $500,000 loan; the note's repayment was guaranteed by a number of individuals, including defendant Chang D. Kim. The complaint was filed on December 8, 2014, and service of process was promptly effected on all defendants except Kim. The served defendants defaulted and plaintiff obtained a default judgment against them; when it could not effect personal service on Kim, plaintiff moved for and obtained the right to serve him by certified and regular mail at three locations. When Kim did not timely respond to the summons and complaint received by him by way of substituted service, default judgment was entered against him on July 7, 2015.

On October 22, 2015 — the day before the return date of plaintiff's motion for a turnover of funds — Kim moved pursuant to Rule 4:50 for relief from the default judgment. His motion was denied on December 4, 2015, and a subsequent motion for reconsideration was denied on January 22, 2016. Kim appealed both orders, arguing the motion judge erred in denying his Rule 4:50

motion because: (1) the default judgment is void; (2) he was not required to assert a meritorious defense; and (3) he established excusable neglect. We find insufficient merit in these three arguments to warrant further discussion in a written opinion. R. 2:11-3(e)(1)(E). We add only the following brief comments.

Kim's Rule 4:50-1(d) argument that the judgment is void is based on his contention that plaintiff was not entitled to substituted service. The record indisputably shows, however, that plaintiff attempted to serve Kim personally — as required by Rule 4:4-4(a)(1) — at his "dwelling place or usual place of abode" — on three separate days in December 2014. As explained in the process server's affidavit, Kim's Alpine residence is "gated . . . with a[n] intercom system" and, on his last attempt, the process server was told by a voice over the intercom, before that person disconnected, that he should "not . . . come back." Based on this and other information, the judge granted plaintiff's motion for substituted service by way of certified and regular mail at the Alpine residence, at Green Bamboo's principal place of business, and the location of Bamboo's business. Plaintiff later received return receipts that were signed by Kim for the mail sent to all three locations.

In seeking relief from the default judgment, Kim did not argue he did not receive the summons and complaint, and he provides

nothing of merit to suggest the judge erred in ordering substituted service.[1] Instead, Kim argues that the papers served did not include the motion and order for substituted service.[2] Because service of a summons and complaint was all that was necessary, we reject Kim's contention that the default judgment is void pursuant to Rule 4:50-1(d) because of his mistaken claim that service of process was defective due to plaintiff's alleged failure to also serve the substituted-service motion papers.[3]

We also reject Kim's third and last argument that the default judgment should be vacated pursuant to Rule 4:50-1(a) based on his assertion that excusable neglect was the cause of his failure to

---

[1] Plaintiff's motion in support of substituted service was properly granted. The sworn statements provided to the judge at that time demonstrated, as required by Rule 4:4-4(b)(1), that plaintiff made a diligent effort to effect personal service at Kim's residence.

[2] We would also observe that Kim's moving certification confirmed he resided at the Alpine address where the process server attempted service three times and where certified and regular mail were sent and actually received. And, while denying "any association with Green Bamboo," Kim confirmed in his certification that he was a guarantor of the note.

[3] We agree with Kim that he was not obligated to present a meritorious defense insofar as his motion was based on faulty service of process. In that circumstance, due process principles do not obligate a movant to present a meritorious defense. See Peralta v. Heights Med. Ctr., Inc., 485 U.S. 80, 86-87, 108 S. Ct. 896, 899-900, 99 L. Ed. 2d 75, 81-82 (1988); Midland Funding LLC v. Albern, 433 N.J. Super. 494, 501 (App. Div. 2013).

timely respond to the complaint.[4] In moving for relief on this ground, however, Kim relied only on his attorney's sworn assertion that Kim "did not disregard the judicial procedure but mistakenly or carelessly failed to appreciate the significance of proper response to the legal action against him." Even assuming the truth and reliability of this conclusory allegation — an allegation that actually supports plaintiff's position because it presupposes Kim's actual receipt and knowledge of the complaint filed against him[5] — the attorney's hearsay assertions are insufficient to provide a factual basis for the claim of excusable neglect. See Gonzalez v. Ideal Tile Importing Co., 371 N.J. Super. 349, 358 (App. Div. 2004), aff'd, 184 N.J. 415 (2005), cert. denied, 546 U.S. 1092, 126 S. Ct. 1042, 163 L. Ed. 2d 857 (2006); see also Higgins v. Thurber, 413 N.J. Super. 1, 21 (App. Div. 2010), aff'd, 205 N.J. 227 (2011). Interestingly, Kim's own certification did not assert or provide any facts to support his attorney's claim that Kim was "mistaken[]" or "careless[]" in addressing the summons

---

[4] In asserting this theory, Kim was obligated — and failed — to show a meritorious defense.

[5] In his own certification, Kim revealed his actual awareness of plaintiff's lawsuit by referring to the fact that even before plaintiff moved for substituted service, his attorney had corresponded with plaintiff's counsel about the case.

and complaint; Kim personally offered no explanation for his failure to file a responsive pleading.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION