**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3633-17T4

TERRI NESPOLE,

 Plaintiff-Appellant,

v.

BIRCHWOOD NEIGHBORHOOD
CONDOMINIUM ASSOCIATION,
INC., and TAYLOR MANAGEMENT
COMPANY,

 Defendants,

and

SUZANNE L. STEVINSON,

 Defendant-Respondent.

_____

Submitted February 12, 2019 – Decided March 4, 2019

Before Judges Fisher and Geiger.

On appeal from Superior Court of New Jersey, Law Division, Somerset County, Docket No. L-0156-15.

Franzblau Dratch, PC, attorneys for appellant (Shay S. Deshpande, on the brief).

DiFrancesco, Bateman, Kunzman, Davis, Lehrer & Flaum, PC, attorneys for respondent (John J. Russo, on the brief).

PER CURIAM

In this action, plaintiff Terri Nespole sought personal injury damages as a result of injuries allegedly sustained in a fall as well as in a later auto accident. As for the latter incident, the judge determined, in ruling on a defense summary judgment motion, that plaintiff's proofs, when viewed in the light most favorable to her, Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995), were insufficient to vault the verbal threshold, N.J.S.A. 39:6A-8(a). Consequently, the judge dismissed the auto-accident part of the complaint. Plaintiff later moved for reconsideration, relying on newly-obtained medical information. The judge denied this motion as well, and plaintiff appeals, arguing the judge erred in denying reconsideration. We disagree and affirm.

On February 13, 2013, plaintiff fell at the condominium association where she lived and filed, nearly two years later, this action for personal injury damages against defendants Birchwood Neighborhood Condominium Association, Inc., and Taylor Management Company.[1] On March 29, 2015, not

_____

[1] The fall-down aspect of the case was settled and the claims against the condominium association and the management company were dismissed with prejudice.

A-3633-17T4

quite two months after filing her complaint, plaintiff was involved in an auto accident with defendant Suzanne L. Stevinson (defendant); she moved nearly eighteen months later and was permitted to amend her complaint to incorporate a negligence claim against defendant, an action that was subject to the limitation of liability provisions in plaintiff's auto insurance policy. Because of those policy limits, plaintiff was required to prove one of the statutorily-delineated circumstances, such as a permanent injury, which is defined as an injury to a "body part or organ, or both, [that] has not healed to function normally and will not heal to function normally with further medical treatment." N.J.S.A. 39:6A-8(a). In support, a plaintiff must provide a qualified medical expert's opinion of a permanent injury to a degree of medical probability based on "objective credible evidence." DiProspero v. Penn, 183 N.J. 477, 495 (2005). And, when alleging a prior condition was worsened or aggravated by an auto accident, a plaintiff must provide evidence from a qualified medical expert that differentiates the pre-existing injuries from those alleged to have been caused by the auto accident. Davidson v. Slater, 189 N.J. 166, 170 (2007).

In granting summary judgment, the motion judge recognized that the record disclosed that MRIs taken of plaintiff after the 2013 fall down but before the 2015 auto accident revealed injuries, and he correctly observed that

plaintiff's expert, Dr. Gregory Rihacek, failed to refer to objective medical evidence in asserting that the auto accident aggravated those injuries. Instead, as the judge noted in his written decision, the expert "simply claims that [p]laintiff suffered a 'whiplash' injury in the auto accident [and] [a]bsent reference to any objective findings, [the expert's] opinion that [p]laintiff suffered 'whiplash' injuries and/or [sic] 'strains and sprains' is insufficient evidence to vault the threshold."

The judge also observed in his written summary judgment opinion that "during the pendency of this motion," he received a letter from plaintiff's counsel asserting that another expert, Dr. Joseph Weber-Lopez, "diagnosed [plaintiff] with a shoulder injury and opined that she had a fracture in her shoulder, which appears to have been overlooked[,] [and which the expert] relates . . . to the [auto accident]." The attorney also stated that Dr. Weber-Lopez "has requested an MRI." The judge correctly chose not to consider this information. The assertion of a shoulder fracture was late and not in adequate form. See R. 1:6-6; Higgins v. Thurber, 413 N.J. Super. 1, 21 n.19 (App. Div. 2010), aff'd, 205 N.J. 227 (2011). Indeed, plaintiff does not argue here that the judge erred in granting summary judgment.

Instead, after entry of summary judgment, plaintiff moved for reconsideration, relying on Dr. Weber-Lopez's certification that, in reliance on a recent MRI, claimed he had diagnosed plaintiff with a shoulder fracture that constituted, in his view, a permanent injury.

The judge denied reconsideration for reasons expressed in a written opinion. In first viewing the matter as seeking "reconsideration" via Rule 4:49-2, the judge correctly recognized that the granting of such a request rested in his discretion and turned on whether the moving party could demonstrate the prior decision was incorrect because the court had overlooked or failed to appreciate the significance of probative, competent evidence. Cummings v. Bahr, 295 N.J. Super. 374, 384 (App. Div. 1996). In fact, the evidence upon which plaintiff sought to undermine the prior summary judgment was new, not something the judge had "overlooked" or "misapprehended" because it had not been – by the time summary judgment was granted – presented to the judge in proper fashion.

Even though plaintiff persists in couching the argument on appeal in "reconsideration" terms, in fact what plaintiff sought in his last motion was relief from the summary judgment in light of newly-discovered evidence – an application permitted by Rule 4:50-1(b) (declaring that a court "may relieve a party . . . from a final judgment or order for . . . newly discovery evidence which

would probably alter the judgment or order and which by due diligence could not have been discovered" by the time the previous ruling was made) – because what she relied on was evidence not previously presented and only newly obtained. Regardless of how a motion is identified, courts must endeavor to apply the correct rule and standard when ruling. See Baumann v. Marinaro, 95 N.J. 380, 390 (1984); Midland Funding LLC v. Albern, 433 N.J. Super. 494, 498 n.3 (App. Div. 2013). The judge implicitly recognized this obligation when he alternatively denied the motion because he found that plaintiff failed to meet the requirements of a Rule 4:50-1(b) motion.

Disposition of a Rule 4:50-1 motion rests in the judge's sound discretion. Housing Auth. of Morristown v. Little, 135 N.J. 274, 283 (1994). When based on a claim of newly-obtained evidence, as Rule 4:50-1(b) states, the movant must show that the new evidence is material, that it could not have been discovered or obtained prior to the ruling challenged in the exercise of due diligence, and that it would probably change the prior result. DEG, LLC v. Township of Farifield, 198 N.J. 242, 264 (2009). Like the motion judge, we focus on the second of these three requirements and find plaintiff's argument wanting. Indeed, plaintiff made no attempt to provide an adequate explanation for the delay in asserting the alleged shoulder fracture as the permanent injury

needed to vault the verbal threshold. The record reveals, as we have noted, that the auto accident occurred in March 2015; plaintiff first attempted to argue the alleged shoulder fracture as a permanent injury in January 2018, during the pendency of a summary judgment motion and nearly three years after the accident. Plaintiff had more than ample time to discover and produce evidence of a permanent injury and was not diligent in gathering this information earlier.

Plaintiff's argument is without sufficient merit to warrant further discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION