**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1354-20

ORIGEN CAPITAL
INVESTMENTS II, LLC,

      Plaintiff-Appellant,

v.

ENVIRO/CONSULTANTS
GROUP, LTD, THOMAS J.P.
HUGUES, COMMONWEALTH
CAPITAL, LLC, and KEYSTONE
BUSINESS CREDIT,

      Defendants-Respondents,

and

WACHOVIA BANK NATIONAL
ASSOCIATION, and STATE OF
NEW JERSEY,

      Defendants.

_____

Argued February 1, 2022 – Decided February 14, 2022

Before Judges Fisher and DeAlmeida.

On appeal from the Superior Court of New Jersey, Chancery Division, Gloucester County, Docket No. F-019061-19.

Mark Pfeiffer argued the cause for appellant (Buchanan Ingersoll & Rooney, PC, attorneys; Mark Pfeiffer, of counsel and on the briefs).

Barry J. Muller argued the cause for respondent Thomas J.P. Hugues (Fox Rothschild, LLP, attorneys; Barry J. Muller, of counsel and on the brief).

Paige M. Bellino argued the cause for respondents Commonwealth Capital, LLC, and Keystone Business Credit (Chiumento McNally, LLC, attorneys; Paige M. Bellino, on the brief).

PER CURIAM

Plaintiff Origen Capital Investments II, LLC, appeals a summary judgment dismissing its complaint, which sought to foreclose on a commercial mortgage held on property in Clayton. Because we find the record is not sufficiently clear to permit summary judgment on whether the mortgage should have been previously discharged, we reverse and remand for further proceedings.

In 1998, Enemute Oduaran purchased the Clayton property in the name of his business, Enviro/Consultants Group, LTD. At the same time, two mortgages were placed on the property in favor of Mellon Bank, N.A.; one secured repayment of a $200,000 term note and the other secured repayment of a

2

$125,000 line of credit. After the purchase, Enviro merged into ECG Industries Inc.

Two years later, Oduaran agreed to sell the Clayton property to LJL Properties LLC. Apparently in response to inquiries relevant to that transaction, Mellon Bank wrote to Oduaran on April 18, 2000, stating its agreement

> to release all of its security interest in [the Clayton property] which relate to both the term loan and line of credit, upon receiving full payment which fully satisfies Enviro['s] loan No. 101-302-0002188.[1]

This letter also provided a pay-off figure that was "good until April 18, 2000." The sale of the property to LJL closed in July 2000. Mellon apparently authorized a discharge of the term-loan mortgage but not the line-of-credit mortgage.

On April 25, 2003, defendant Thomas J.P. Hugues purchased the property from LJL. A title search did not reveal the presence of the line-of-credit mortgage, although there is no dispute that it remains of record in the county clerk's office. Soon after Hugues's purchase, the line of credit matured and became immediately due and payable but was not paid.

---

[1] The account number refers to the term loan, not the line of credit.

3

Two years later, Citizens Bank, which had been assigned Mellon Bank's interest in the line of credit, wrote to Hugues to advise of the default and claiming the line-of-credit mortgage remained a valid lien on the property. Hugues disputed this and asserted, as noted above, that in April 2000 Mellon Bank represented it would release the line-of-credit mortgage. Citizens Bank took no further immediate action against Hugues; it did, however, sue Oduaran and Enviro in Delaware, and, in 2009, obtained a money judgment against Oduaran.

In 2014, Hugues refinanced the property with defendants Commonwealth Capital, LLC, and Keystone Business Credit. A title search apparently did not reveal the existence of the line-of-credit mortgage, and the transaction with Commonwealth and Keystone was consummated.

Plaintiff Origen purchased Citizens Bank's interest in the line-of-credit mortgage in December 2015 and, four years later, filed this foreclosure action. Hugues moved for summary judgment; Commonwealth and Keystone joined in the motion, which was granted for reasons expressed by the trial judge in an oral decision on October 30, 2020. The judge found that whether Mellon Bank agreed to discharge the line-of-credit mortgage in 2000 was not genuinely disputed, that

A-1354-20

Origen had not made a prima facie case for foreclosure, and that the doctrine of laches barred Origen's claim.

Origen appeals, arguing that the judge erred in concluding that Mellon Bank agreed to remove the line-of-credit mortgage and that the doctrine of laches was erroneously utilized to dismiss the action. We agree the factual record is simply too murky to warrant entry of summary judgment.

It is certainly true that Origen's rights rise no higher than its predecessors. And it is true that the record before us reveals Mellon Bank's intent in April 2000 to release both the term mortgage and the line-of-credit mortgage so long as, in selling the Clayton property, Hugues's predecessor paid off the term mortgage. But there is no clear evidence – only inferences – to suggest that the term mortgage was paid off or that Mellon Bank may not have altered its position by the time of the July 2000 closing. There are only pieces of information about whether Hugues's predecessor complied with any conditions for a release of the line-of-credit mortgage, assuming Mellon Bank was still willing to do so by the time of the closing. And while there is fragmentary evidential material that might suggest Mellon Bank had agreed at that time to accept substitute collateral in place of the line-of-credit mortgage, there is nothing so clear or certain in the record as to permit summary judgment on the issue. Of the same value is other

information that might suggest Citizens Bank, which acquired Mellon Bank's interest in the line of credit, did not believe the mortgage had been paid off.

In short, to ascertain an accurate understanding of the transactions preceding the commencement of this foreclosure action from the few written communications offered in support of and in opposition to the motion is like calculating the size of an iceberg by measuring only that part visible above the water's surface. As the opponent of the summary judgment motion, Origen was entitled to an assumption of the truth of its allegations and the reasonable inferences to be drawn from the evidence. Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995). Instead, it seems as if, contrary to this principle, the movants were mistakenly given the benefit of the inferences suggested by the fragmentary evidence.[2] Although the revelation of other information in the future might give rise to the entry of summary judgment on behalf of one side or the other, the record currently lacks the clarity necessary to support summary judgment. See, e.g., Higgins v. Thurber, 413 N.J. Super. 1, 24 (App. Div. 2010) (recognizing how "the summary judgment framework [is] too fragile" to support

_____

[2] Contrary to what was argued here in support of the judge's ruling, it does not matter that the motion judge will likely be the trier of fact. The principles applicable to summary judgment motions are unaltered by that circumstance.

A-1354-20

a final disposition when evidential materials lack clarity), aff'd o.b., 205 N.J. 227 (2011).[3]

Reversed and remanded for further proceedings. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[3] We lastly add that even if the doctrine of laches has some bearing here, and even if the timeliness of a suit to foreclose a commercial mortgage should not be governed by the twenty-year time-bar described in Security National Partners Ltd. Partnership v. Mahler, 336 N.J. Super. 101, 106-08 (App. Div. 2000) – a matter we need not decide – the record does not yield any clearer answers about the elements of laches than it does about the merits.

A-1354-20