NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0726-20

SHEILA BRYANT and LARRY
BRYANT, wife and husband,

    Plaintiffs-Appellants,

v.

COUNTY OF CUMBERLAND,

    Defendant-Respondent.

_____

APPROVED FOR PUBLICATION

June 16, 2022

APPELLATE DIVISION

Submitted June 7, 2022 – Decided June 16, 2022

Before Judges Fisher, Currier, and DeAlmeida.

On appeal from the Superior Court of New Jersey, Law
Division, Cumberland County, Docket No. L-0084-20.

Jarve Kaplan Granato Starr, LLC, attorneys for
appellants (Mati Jarve and Katherine M. Jarve, on the
briefs).

The Garty Law Firm, LLC, attorneys for respondent
(M. Lou Garty, on the brief).

The opinion of the court was delivered by

FISHER, P.J.A.D.

In a matter of first impression, we hold that service of a Tort Claims Act[1] notice of claim on a county is sufficient when sent to the county clerk rather than the board of county commissioners.

Plaintiff Sheila Bryant and her husband filed this personal injury action in February 2020, alleging Cumberland County's negligence caused her to slip and fall in the county courthouse parking lot nearly two years earlier. Rather than answer the complaint, the County moved to dismiss or, in the alternative, for summary judgment, asserting that plaintiffs failed to comply with the Tort Claims Act's notice requirements. The County did not claim some infirmity in the notice's form or content; it argued instead that the notice was not properly served because plaintiffs sent it to the County Clerk instead of the Clerk of the Board of County Commissioners.[2]

In her written opinion, the trial judge correctly focused on those parts of the Tort Claims Act that govern the manner of service of a notice of claim. N.J.S.A. 59:8-7 is specific about how to serve the State, calling for its submission to either the Attorney General or "the department or agency involved

---

[1] N.J.S.A. 59:1-1 to 12-3.

[2] The entities once known as boards of chosen freeholders are now known as boards of county commissioners. See L. 2020, c. 67 (effective Jan. 1, 2021).

A-0726-20

in the alleged wrongful act or omission." But, as for "local public entit[ies]," defined as including all public bodies except the State, N.J.S.A. 59:8-2, the Act requires only that the notice of claim be filed with "that entity," N.J.S.A. 59:8-7, or "the entity," N.J.S.A. 59:8-10, without further elaboration. And so, there is nothing in the Tort Claims Act that would identify for a claimant the particular county office or officer to be served with the required notice of claim; in fact, the Act does not even suggest there is just one county office or officer that fits the bill.

In her thorough opinion, the trial judge considered the various roles performed by county clerks and boards of county commissioners. The judge concluded that because it is the governing body and would "oversee litigation against the County," it was Cumberland's Board of County Commissioners and not its County Clerk that had to be served, even though the judge also recognized the County Clerk "is an entity within the County that acts on behalf of the County for some functions[.]"

There is some logic in the trial judge's approach and in her conclusion that the Board of County Commissioners is the office within the County that would bear the responsibility for overseeing the litigation, and we would agree that the Board of County Commissioners was an appropriate entity upon which to serve

a notice of claim. But we also cannot overlook that a litigant's failure to draw the same conclusion – without any guidance from the Tort Claims Act – would lead to the barring of a meritorious claim.

We find nothing in the broad phrasing of N.J.S.A. 59:8-7 and -10 to suggest, as the County argues, that it is only the clerk of the board of county commissioners that a plaintiff must serve with a notice of claim. If that is what the Act intended, then it could have said so. We also find nothing in these provisions to foreclose the possibility that the Legislature may have intended that more than one county office or officer could represent the county for purposes of receiving a notice of claim. This is suggested as well by Rule 4:4-4(a)(8), which allows for service of process on public bodies other than the State by personally serving the summons and complaint on "the presiding officer or on the clerk or secretary thereof." Our courts have not previously considered or construed Rule 4:4-4(a)(8), but its plain language plausibly supports the notion that there is, in fact, more than one person who may accept service of a summons and complaint for a county and that one of those persons would be "the clerk . . . thereof," a phrase that may reasonably be understood as connoting the county clerk. We have not been provided with a principled reason for concluding that the Tort Claims Act's requirements for service of a notice of claim on a county

A-0726-20

are more exacting than Rule 4:4-4's requirements, which have constitutional underpinnings, for serving a summons and complaint on a county.

In short, the Tort Claims Act failed to identify who it is a claimant must serve with a notice of claim when suing a county. And, to be sure, it is a matter best cleared up by the Legislature. See Plastic Surgery Ctr., P.A. v. Malouf Chevrolet-Cadillac, Inc., 241 N.J. 112, 113 (2020); E.C. v. Inglima-Donaldson, 470 N.J. Super. 41, 56 (App. Div. 2021). Until then, however, we believe the question should be answered in a way that promotes fairness to all parties. In the final analysis, the notice provisions of the Tort Claims Act were not intended "as 'a trap for the unwary.'" H.C. Equities, L.P. v. County of Union, 247 N.J. 366, 383 (2021) (quoting Murray v. Brown, 259 N.J. Super. 360, 365 (Law Div. 1991)). When plaintiffs mailed their notice of claim, all they had for guidance were the Act's provisions that the notice had to be sent to the "entity" they intended to sue.[3] See N.J.S.A. 59:8-7 and -10. Because there is a certain logic to serving a county by serving its county clerk – just as service of a notice on a municipality would logically be forwarded to the municipal clerk – we conclude

_____

[3] In her written opinion, the judge referred to the county website as a source of information about where to serve a notice of claim. But, even assuming a county may decide on its own where a notice of claim must be sent, even now, after the trial court's decision in this matter, Cumberland County's website gives no direction to the public as to where it believes a notice of claim should be sent.

that plaintiffs' service of the notice of claim on Cumberland's County Clerk was sufficient.[4] In addition, it is difficult to imagine how a county could be prejudiced since, on receipt of a notice of claim, the county clerk would undoubtedly understand that it should be forwarded to the official the particular county charged with opening a file, contacting county counsel, and starting an investigation.[5]

The order under review is reversed and the matter remanded for further proceedings. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[4] We neither consider nor opine on what would be valid service of a notice of claim on a county that has adopted the "county executive plan" prescribed in N.J.S.A. 40:41A-31 to -44.

[5] Although unnecessary to our decision, we observe that the record does not permit an assumption that the notice plaintiffs sent to the County Clerk did not inform the County of the claim. The County offered only the hearsay certification of its attorney about whether county officers were aware of the claim. This type of hearsay does not move the needle one way or the other on a motion for summary judgment. See Higgins v. Thurber, 413 N.J. Super. 1, 21 n.19 (App. Div. 2010), aff'd, 205 N.J. 227 (2011).

A-0726-20