IN THE MATTER OF THE ESTATE OF MARY SKVIR, DECEASED.

Superior Court of New Jersey
Appellate Division

Argued September 25, 1979—Decided October 12, 1979.

Before Judges CRANE, MILMED and KING.

*Mr. Steven E. Pollan* argued the cause for appellant Mary Skvir II (*Pollan* and *Pollan*, attorneys).

*Mr. James M. Mulvaney* argued the cause for appellant Hartford Accident & Indemnity Company.

*Mr. John Koribanics* argued the cause for respondents Margaret Hryniewicz and John Yencha.

The opinion of the court was delivered by

CRANE, P. J. A. D.

After hearing only the argument of counsel and having before him the account of the substituted administrator the judge below entered a judgment providing that the final account of the substituted administrator be accepted and approved but reserved to plaintiffs the right to file proceedings within 30 days to assert claims against certain savings accounts.

We reverse. Initially, we note the patent inconsistency in the judgment. The paramount object of an action for the settlement of an account is to resolve the liability of the accountant. *In re Oathout,* 25 *N.J.Misc.* 186 (Orph.Ct.1947). It is not intended to promote or foster additional litigation. A

judgment approving an administrator's final account is conclusive among the parties as to all issues which were raised or might have been raised. *N.J.S.A.* 3A:9–8; *In re Walsh,* 32 *N.J.Super.* 528, 537 (App.Div.1954); 3 *Scott on Trusts* § 220 at 1765 (3 ed. 1967); 7 *N.J. Practice (Clapp, Wills and Administration),* § 1471 at 194 (3 ed. 1962). Accordingly, we conclude that the provision in the judgment which reserved to plaintiffs the right to commence further proceedings was improper.

 From the pleadings, affidavits and exhibits in the record it is clear that plaintiffs sought an adjudication of the status of certain joint bank accounts which they alleged were not intended to be survivorship accounts but were impressed with a trust for their benefit. Those issues could not be resolved by the filing of an account by the substituted administrator in which he stated his opinion as an attorney that the accounts were survivor accounts. The so-called "conclusive presumption" of *N.J.S.A.* 17:9A–218B, on which the substituted administrator relied, is not conclusive. It may be overcome by proof showing fraud, duress, undue influence or mistake. *Sadofski v. Williams,* 60 *N.J.* 385, 395 (1972). Plaintiffs were not required to present proof to the substituted administrator, as he requested. They were entitled to an evidentiary hearing, which they repeatedly requested, before the judge who was to pass upon the account. *In re Perrone,* 5 *N.J.* 514, 519 (1950); *N.J. S.A.* 3A:9–7; 7 *N.J. Practice, above,* § 1467 at 186. A resolution of the competing contentions without the presentation of testimony was here inappropriate. *Hallberg v. Hallberg,* 113 *N.J.Super.* 205, 207 (App.Div.1971); *Tancredi v. Tancredi,* 101 *N.J.Super.* 259 (App.Div.1968).

The judgment is reversed. The cause is remanded to the Law Division for the purpose of conducting an evidentiary hearing on respondents' claims to be followed by the making of findings of fact and conclusions of law. *R.* 1:7–4. We do not retain jurisdiction.