**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2279-16T1

IN THE MATTER OF THE ESTATE
OF PAULINE DONNER, deceased.

_____

DEBRA MORRISON, Individually
And as Executor of the Estate
Of Pauline Donner and DEBCRIS
WAREHOUSING, INC.,

    Third-Party Plaintiffs-
    Respondents,

v.

CHRISTOPHER DONNER, NETWORK
RELOCATION SERVICES, INC. AND
CHRIS DONNER, LLC,

    Third-Party Defendants-
    Appellants.

_____

LORI M. MCNEELY, ESQUIRE, as
Guardian ad Litem for Jamie
Morrison, Jessica Morrison,
Katherine Donner, and George
Thomas Donner,

    Third-Party Plaintiff-
    Respondent.

_____

Argued April 12, 2018 — Decided June 21, 2018

Before Judges Simonelli, Rothstadt and Gooden Brown.

On appeal from Superior Court of New Jersey, Chancery Division, Burlington County, Docket No. P-2008-0233.

Kit Applegate argued the cause for appellant Christopher Donner.

Thomas S. Harty argued the cause for respondent Estate of Pauline Donner (The Kourlesis Law Firm, attorneys; Suzanne M. Kourlesis, on the brief).

Michael S. Rothmel, attorney for respondent Debra Morrison.

PER CURIAM

Appellant Christopher Donner appeals from the July 29, 2016 Chancery Division order granting commissions to the court-appointed Administrator C.T.A., Suzanne M. Kourlesis, Esq., attorney's fees and costs to the Kourlesis Law Firm, LLC (the Law Firm), fees and costs to the court-appointed guardian ad litem (GAL), Lori McNeely, Esq., and attorney's fees incurred by respondent Debra Morrison. Donner also appeals from the November 15, 2016 order granting the Law Firm additional fees and costs.[1] Because the appeal was untimely, we dismiss.

---

[1] Donner also appealed from the September 2, 2014 order, but did not address that order in his merits brief. Accordingly, any issues relating to that order are deemed waived. N.J. Dep't of Envtl. Prot. v. Alloway Twp., 438 N.J. Super. 501, 505 (App. Div. 2015); Pressler & Verniero, Current N.J. Court Rules, cmt. 5 on R. 2:6-2 (2018).

Donner and Morrison are siblings. Their mother, Pauline Donner (the decedent), died on December 3, 2007. The decedent's Last Will and Testament named Donner and Morrison as co-executors of the estate. The decedent bequeathed her property located in Westhampton to Morrison; her shares of stock in a family business known as Debcris Commercial Warehousing, Inc. (Debcris) to Donner; $10,000 to her adult granddaughter; $75,000 to each of her four minor grandchildren; and her property in Pennsylvania and the remainder of her estate to Donner and Morrison in equal shares. The estate was probated and letters testamentary were issued to Donner and Morrison on January 30, 2008.

A dispute arose between Donner and Morrison over the administration of the estate and ownership of Debcris, the estate's major asset. As a result, in December 2008, Morrison filed a complaint in the Chancery Division, Probate Part, individually and as co-executor of the estate, and a counterclaim and third-party complaint against Donner, Network Relocation Services, Inc. and Chris Donner, LLC.

In a March 3, 2009 order, the court discharged Donner and Morrison as co-executors and appointed Kourlesis as Administrator C.T.A. The Law Firm represented Kourlesis in this capacity and the estate. In an April 4, 2011 order, the court granted Kourlesis's motion to appoint a special fiscal agent for Debcris

and appointed Jeffrey Apell, Esq. The court also appointed McNeely as GAL for the decedent's minor grandchildren.

On January 22, 2013, the parties executed a settlement agreement to effectuate the sale of property in Lumberton comprised of two lots: Block 6, Lots 4 and 3.17. Debcris owned Lot 4 and Donner owned Lot 3.17. The settlement agreement provided that Donner would execute a deed of easement in consideration for certain monetary distributions from the estate. The agreement also provided for other distributions, including $50,000 for fees Morrison paid to Archer & Greiner, and "[e]stimated attorney fees and/or [a]dministration fees" of $35,000 to Kourlesis; $15,000 to McNeely; $32,000 to Morrison's attorneys, Archer & Greiner; and $20,000 to Apell. An addendum to the agreement provided: "Donner shall receive $5,000.00 from [] Kourlesis fee in additional consideration of his [release] of all claims against her."

In a January 22, 2013 order, the court dismissed the matter. However, the estate was not closed, the court did not discharge Kourlesis as Administrator C.T.A. or Apell as special fiscal agent for Debcris, and the case did not settle. Rather, the litigation continued over three more years, with the parties engaging in motion practice and with claims raised against Kourlesis for breach of fiduciary duty.

In a September 2, 2014 order, the court granted Apell's motion for an order authorizing him to sell the Lumberton property and dissolve Debcris following the sale, and denied as premature his request for an accounting of Debcris. In a January 16, 2015 order, the court granted Apell's motion for an order granting him attorney's fees to be paid from Debcris's account; approving the accounting of Debcris from February 7, 2013 to October 31, 2014; and permitting him to retain $10,000 for further expenses pertaining to the dissolution of Debcris. The court also ordered Apell to turn over the balance held in Debris's account after the sale to the estate and Kourlesis.

The Lumberton property was sold on October 10, 2014. On August 11, 2015, Apell sent the sale proceeds of $240,000 to Kourlesis in a check payable to the estate.

Kourlesis's attempt to obtain Donner's and Morrison's consent to an informal final accounting failed. As a result, on March 30, 2016, Kourlesis filed an order to show cause and verified complaint, requesting approval of the final account of the estate from the date of the decedent's death, December 3, 2007, to the date of the closing of the account on March 15, 2016. She also sought payment of administrator commissions, attorney's fees and costs to the Law Firm, and McNeely's fees and costs.

Kourlesis submitted the final account and an affidavit of administrator's services and costs, requesting corpus commissions of $35,676.62, income commissions of $2,014.39, and costs of $1,899.85, minus the $30,000 she was paid under the settlement agreement. On the Law Firm's behalf, Kourlesis submitted an affidavit of counsel services and costs, requesting $31,150.16 for attorney's fees and an additional $2500 to conclude the matter, for a total of $33,650.16.

Donner and Morrision did not object to Kourlesis's final account, but objected to her request for administrator commissions and attorney's fees and costs. They argued the settlement agreement capped Kourlesis's commissions and attorney's fees and costs at $35,000. Morrison filed a motion for an order directing Kourlesis to distribute $62,977.97 for attorney's fees she paid to Archer & Greiner and for final distributions to the beneficiaries.

In a July 29, 2016 order, the trial judge approved the final account, granted Kourlesis administrator commissions in the amount of $37,691.01, consisting of $35,676.62 for corpus commissions and $2,014.39 for income commissions for the period ending March 15, 2016, and deducting the $30,000 already paid to her. The judge also granted $33,650.16 to the Law Firm and her request for payment of McNeeley's fees and costs of $3,468.72. The judge granted

6

$62,977.97 to Morrison and granted her request to make final distributions to the beneficiaries.

On the Law Firm's behalf, in September 2016, Kourlesis filed a motion for an order approving payment of additional attorney's fees of $9950 and costs of $680.92 for the period June 1, 2016 to August 18, 2016, and submitted an affidavit of counsel services and costs. In a November 15, 2016 order, the judge granted motion.

Thereafter, Apell filed a motion for an order approving the final accounting of Debcris from October 27, 2015 to November 29, 2016, and for attorney's fees of $3,468.50 and costs of $189.57, to be paid from Debcris's account, not the estate's account. In a December 22, 2016 order, the court granted the motion and discharged Apell as special fiscal agent. This appeal followed.

As a threshold matter, we address Kourlesis's and Morrison's contentions that Donner's appeal, filed on February 3, 2017, was untimely because the November 15, 2016 order was final. Donner did not address this issue.

Appeals from final judgment or orders must be filed within forty-five days of their entry. R. 2:4-1(a). "[O]n a showing of good cause and the absence of prejudice, [this court] may extend the time fixed by [Rule] 2:4-1(a) . . . for a period not exceeding [thirty] days, but only if the notice of appeal . . . was in fact served and filed within the time as extended." R. 2:4-4(a).

N.J.S.A. 3B:17-8, provides as follows:

> A judgment allowing an account, including a guardian's intermediate account, after due notice, shall be res adjudicata as to all exceptions which could or might have been taken to the account, and shall constitute an approval of the correctness and propriety of the account, the legality and propriety of the investments and other assets, the legality and propriety of the changes in investments or other assets, and the legality and propriety of other matters, and also shall exonerate and discharge the fiduciary from all claims of all interested parties and of those in privity with or represented by interested parties except:
>
> a.    For the investments and other assets in the fiduciary's hands at the close of the period covered by the account, and assets which may come into his hands after the close of the account;
>
> b.    Insofar as exceptions to the account shall be taken and sustained; and
>
> c.    As relief may be had from a judgment in any civil action.

"A judgment approving an administrator's final account is conclusive among the parties as to all issues which were raised or might have been raised." In re Estate of Skvir, 170 N.J. Super. 559, 561-62 (App. Div. 1979).  "Those parties who actually raise and litigate an issue in an accounting proceeding are bound by the judgment entered thereon." In re Estate of Yablick, 218 N.J. Super. 91, 100 (App. Div. 1987).  "In the absence of fraud or mistake a judgment approving an accounting becomes conclusive upon

the expiration of the time for appeal." Ibid. "[W]hen the time for taking an appeal has run the parties to a judgment have a vested right therein which cannot subsequently be taken from them." In re Nuese, 15 N.J. 149, 152 (1954) (quoting In re Pfizer, 6 N.J. 233, 239 (1951)).

Here, the judge approved the final account for the estate in the July 29, 2016 order. The December 22, 2016 order, which related only to Debcris and Apell's discharge as fiscal agent, did not affect the final account of the estate, as the Lumberton property had been sold and the sale proceeds had been submitted to the estate. Thus, Donner's time to appeal expired on December 30, 2016. His appeal, filed on February 3, 2017, was untimely.

Appeal dismissed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2279-16T1