**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1860-23

IN THE MATTER OF THE
ESTATE OF DANIEL J.
RUSSOMANNO, deceased.

_____

Submitted May 6, 2025 – Decided August 6, 2025

Before Judges Gilson, Bishop-Thompson and Augostini.

On appeal from the Superior Court of New Jersey, Chancery Division, Middlesex County, Docket No. 264016.

Kalish & Associates, attorneys for appellant Jerry Russomanno (Jared I. Kalish and Patrick J. Foy, on the briefs).

Parsons & Nardelli, attorneys for respondent Diane Mavrakes (James M. Nardelli, on the brief).

Pfeil Law, LLC, attorneys for respondent The Estate of Daniel J. Russomanno, deceased (Darren M. Pfeil, Court-Appointed Substituted Administrator, on the brief).

PER CURIAM

This is the parties' second appeal arising from a dispute over their father's estate. Defendant Jerry Russomanno appeals from a January 8, 2024 order approving the court-appointed substituted administrator Darren M. Pfiel's (Administrator Pfiel) final accounting and proposed distribution of the funds of the Estate of Daniel J. Russomanno (decedent) and rejecting defendant's exceptions.

Because the probate court's findings of fact and conclusions of law were inadequate, we vacate the order and remand the matter for further proceedings. On remand, we direct the probate court to make adequate findings of fact and conclusions of law supporting its decision, as required by Rule 1:7-4.

I.

We summarize the facts from the motion record to the extent necessary to resolve the issues on appeal. On January 5, 2019, decedent passed away and was survived by his two children and beneficiaries: his daughter, plaintiff Diane Mavrakes, and his son, defendant. In the prior matter, plaintiff brought an action seeking to declare that decedent died intestate. Defendant disputed that claim, sought to admit an unsigned document as decedent's will, and sought to be appointed as the administrator. The probate court granted summary judgment

A-1860-23

to plaintiff. We affirmed that decision in the first appeal. <u>Matter of Est. of Russomanno</u>, No. A-3760-20 (App. Div. July 22, 2022).

In a July 19, 2021 order, in relevant part, the court appointed plaintiff as administratrix of decedent's estate. In a May 4, 2023 order, the court appointed Pfiel as the substituted administrator.[1]

The Estate's main asset was the real property located at 86 N. Randolphville Road, Piscataway (Property). For several years, defendant operated his trucking business on the Property. After decedent's death, defendant "took control" of the Property and continued to operate his business there.

In a judgment order entered on February 21, 2023, the court directed defendant to remove all of his machinery and equipment from the Property within forty-five days. Additionally, plaintiff was authorized to list the Property for sale "with an initial list price of $559,000." The court provided defendant with "the option to purchase the Property upon the exact same terms offered by the third party purchaser . . . ."

---

[1] The record does not contain a statement of reasons or transcript of the probate court's reasoning for this decision.

A-1860-23

Administrator Pfiel inspected the Property and determined that, given the water damage and its general state of disrepair, the Property was worth much less than the initial listing amount specified in the February 21, 2023 order. After engaging a real estate agent to determine the listing price for the Property, Administrator Pfiel received a third-party offer for the Property, as-is, for $335,000 and notified defendant of the offer. Defendant exercised his right of first refusal and closed on the property on June 30, 2023. After various payoffs, the Estate netted $292,950.78 in proceeds.

Administrator Pfiel identified additional assets owed by defendant to the Estate, including storage fees as directed by the April 19, 2023 court order and rent due from defendant for use of the Property's garage for business purposes. Another significant asset of the Estate was an insurance claim for a water incident that damaged the Property sometime in the spring of 2023. Although the cause of the water damage was disputed, the insurance company found no malfeasance and paid the Estate's claim.

The administrator also identified several liabilities, which included, for example, reimbursement claims made by defendant for expenses and maintenance of the Property during the years he maintained the Property, commissions owed to plaintiff, and attorney's fees.

4

A-1860-23

The parties spent several months attempting to negotiate a distribution schedule concerning the Estate. Unable to resolve the matter, on September 28, 2023, the administrator filed a motion to approve the insurance claim amount and an informal accounting and a distribution schedule, thereby closing out the Estate. Plaintiff supported the administrator's motion; however, defendant filed opposition, noting several exceptions to the final accounting.

In his opposition, defendant contended that "[t]he proposed disbursement is heavily skewed, biased, and far from an accurate accounting . . . ." Defendant highlights three major issues: (1) the administrator's and plaintiff's own actions and inactions caused the water damage to increase in seriousness and scope; (2) the proposed disbursement ignored the unreimbursed work that he performed while "monitoring" the Property after decedent's death; and (3) the legitimacy of the third-party buyer's contract was questionable, and defendant was not given enough time to review the offer with his attorney before he had to exercise his right of first refusal. He also disputed the award of attorney's fees.

On November 3, 2023, the probate court held oral argument on the administrator's motion and reserved decision. On January 8, 2024, the probate court entered an order approving the administrator's accounting and "find[ing] that [defendant's] proposed exceptions are meritless." Defendant filed a motion

for reconsideration, but that motion was dismissed on March 8, 2024 because defendant had already filed a notice of appeal on February 23, 2024.

Defendant's primary contention on this appeal is that the trial court erred in approving the administrator's accounting because it failed to set forth its reasoning for its decision. The parties agree that the probate court did not provide findings of fact or conclusions of law explaining its decision memorialized in the January 8, 2024 final order. The administrator contends that the failure to provide a statement of reasons is harmless error pursuant to Rule 2:10-2. Plaintiff argues that (1) the probate court's finding that defendant's claims are "meritless" is enough to satisfy Rule 1:7-4, and (2) in the alternative, urges us to exercise original jurisdiction given the adequacy of the record and to avoid prolonged litigation.

## II.

The decision to approve an estate's final accounting is reviewed for an abuse of discretion. In re Acct. of Ex'rs of Koretzky, 8 N.J. 506, 535 (1951). An abuse of discretion occurs "when a decision is 'made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" Flagg v. Essex Cnty. Prosecutor, 171 N.J. 561, 571

(2002) (quoting Achacoso-Sanchez v. Immigr. and Naturalization Serv., 779 F.2d 1260, 1265 (7th Cir. 1985)).

Rule 1:7-4 requires that a court make findings of fact and state its conclusions of law on all motions that are appealable as of right. "Meaningful appellate review is inhibited unless the judge sets forth the reasons for his or her opinion." Salch v. Salch, 240 N.J. Super. 441, 443 (App. Div. 1990). Also, litigants are entitled to have the benefit of the court's reasoning and analysis, explaining its decision. O'Brien v. O'Brien, 259 N.J. Super. 402, 407 (App. Div. 1992); see also R. 1:6-2(f).

In limited circumstances, "[w]hen the trial judge fails to make the required findings of fact . . . the appellate court may avoid the necessity of a remand . . . by [] making findings of fact pursuant to the constitutional grant of necessary original jurisdiction and R[ule] 2:10-5." Pressler & Verniero, Current N.J. Court Rules, cmt. 1 on R. 1:7-4 (2025) (citing Farmingdale Realty Co. v. Borough of Farmingdale, 55 N.J. 103, 106 (1969)). Rule 2:10-5 provides that appellate courts may "exercise . . . original jurisdiction as is necessary to the complete determination of any matter on review." Rivera v. Union Cnty. Prosecutor's Off., 250 N.J. 124, 146 (2022). However,

> [t]hat power should be invoked "sparingly," State v. Jarbath, 114 N.J. 394, 412 (1989), and is generally used

> when the record is adequately developed and no further fact-finding is needed, Price v. Himeji, LLC, 214 N.J. 263, 294-95 (2013); State v. Santos, 210 N.J. 129, 142 (2012).
>
> [Ibid.]

"In determining whether to exercise original jurisdiction, an appellate court not only must weigh considerations of efficiency and the public interest that militate in favor of bringing a dispute to a conclusion, but also must evaluate whether the record is adequate to permit the court to conduct its review." Price, 214 N.J. at 295. Generally, we have "exercised such jurisdiction to resolve a single issue to conclude litigation, or to end perpetual or lengthy litigation." Allstate Ins. Co. v. Fisher, 408 N.J. Super. 289, 301 (2009).

Here, the probate court made no findings of fact nor conclusions of law; instead, it simply stated that it "finds that [defendant's] proposed exceptions are meritless." The court did not adopt the arguments or reasoning of the administrator to support its decision. Contrary to Rule 1:7-4, the court made no detailed findings of fact explaining the factual basis for its decision, nor did it outline the legal framework and apply it accordingly to those facts. Therefore, the probate court's one-word reference to defendant's exceptions as "meritless" fails to comport with the requirements of Rule 1:7-4. See Fisher, 408 N.J. Super. at 299-300.

The parties urge us to exercise original jurisdiction pursuant to Rule 2:10-5 to avoid further litigation and to effectuate a prompt and complete resolution of this matter. We decline to do so for the following reasons.

We begin by recognizing that "[a]n action to settle an account on an estate trust is a formalistic proceeding, unique to probate." Higgins v. Thurber, 205 N.J. 227, 229 (2011); see R. 4:87-1 to -9. Such action is commenced by the filing of a complaint and issuance of an order to show cause. R. 4:87-1(a).

> In all actions for the settlement of accounts, other than plenary actions, any interested person may, at least [five] days before the return of the order to show cause or within such time as the court allows, serve the accountant with written exceptions, signed by that person or his or her attorney, to any item in or omission from the account, including any exceptions to the commissions or attorney's fees requested. The exceptions shall state particularly the item or omission excepted to, the modification sought in the account and the reasons for the modification. An exception may be stricken because of its insufficiency in law.
>
> [R. 4:87-8.]

Exceptions to an executor's account are "a vehicle for determining the propriety of the executor's statement of assets and claims for allowance." Perry v. Tuzzio, 288 N.J. Super. 223, 229 (App. Div. 1996). Our Supreme Court has described an action to settle an account as "involv[ing] a line-by-line review [of] the exceptions to an accounting." Higgins, 205 N.J. at 229.

9

"[T]he accounting procedure in general and the hearing on exceptions in particular" are "limited" in nature. Perry, 288 N.J. Super. at 230. The action is considered a summary matter and is conducted in accordance with Rule 4:67-5. R. 4:83-1; see N.J.S.A. 3B:2-4 (allowing actions by fiduciaries to proceed in a summary manner); Garruto v. Cannici, 397 N.J. Super. 231, 241-42 (App. Div. 2007) (providing an overview of probate proceedings in New Jersey). However, if there are genuine issues as to any material fact, the court should conduct an evidentiary hearing on those disputed issues. In re Est. of Skvir, 170 N.J. Super. 559, 562 (App. Div. 1979); Tractenberg v. Twp. of W. Orange, 416 N.J. Super. 354, 365 (App. Div. 2010) (citing R. 4:67-5); Courier News v. Hunterdon Cnty. Prosecutor's Off., 358 N.J. Super. 373, 378 (App. Div. 2003).

Defendant presented several exceptions to the accounting, which he claims are valid and raise genuine factual issues. Specifically, defendant contends: (1) the modifications regarding the water leak and damage demonstrated an increased water bill and damage to the Property, neither of which were included in the accounting; (2) the accounting failed to include reimbursement to defendant for years of work performed on the Property to maintain it; and (3) defendant objected to the inclusion of attorney's fees both from the prior will contest and the current matter. Original jurisdiction would

A-1860-23

not be appropriate because these claims do not raise legal issues but rather factual disputes, which the probate court is in the best position to address. Moreover, because this case implicates the parties' private interests rather than the public's interests, original jurisdiction is not appropriate.

Although the probate court found defendant's exceptions "meritless," the court did not amplify its reasoning for this finding or explain why the court did not find any genuine issues of material facts. The same probate court presided over this matter since plaintiff's initial filing of the verified complaint in 2019, and has continued to preside over the present matter filed by the administrator, thereby gaining a certain level of familiarity. Despite familiarity with the matter, the probate court was obligated to state its findings of fact and conclusions of law either in writing or orally and express its reasons for rejecting defendant's arguments. See Vartenissian v. Food Haulers, Inc., 193 N.J. Super. 603, 611-12 (App. Div. 1984). Although we recognize remanding this case to the probate court may briefly delay a resolution of the matter, the probate court has a complete record of the case and can render a statement or reasons for its January 8, 2024 order without unnecessary delay. In that regard, we point out that our remand should not require extensive further proceedings and the probate court can exercise its sound discretion in conducting the proceedings on remand.

11

With regard to an award of attorney's fees, "Rule 4:42-9(a)(3) allows the court to award attorneys' fees 'in probate actions.'" In re Prob. of Will & Codicil of Macool, 416 N.J. Super. 298, 312 (App. Div. 2010) (quoting R. 4:42-9(a)(3)). Fiduciaries are also normally entitled to an attorney's fee absent malfeasance. But see In re Est. of Vayda, 184 N.J. 115, 124 (2005). The court may permit an award of fees so long as those fees are reasonable. Rendine v. Pantzer, 141 N.J. 292, 334-35 (1995).

In his final accounting, the administrator allocated $31,050.87 and $13,473.42 to plaintiff for her prior counsel in the will contest and for the attorney who served as both her substituted counsel in the will contest and current counsel in the present action, respectively. He cites to both Rule 4:42-9(a)(2) and Rule 4:42-9(a)(3).

We review an award of counsel fees for an abuse of discretion. Yueh v. Yueh, 329 N.J. Super. 447, 466 (App. Div. 2000). However, without the benefit of the court's analysis of the RPC 1.5(a) factors, we are unable to determine whether the court properly exercised its discretion in assessing those fees. Defendant contends that in the prior action, plaintiff was removed as the administratrix due to her own malfeasance, which may affect an award of attorney's fees. Without the benefit of the court's rationale in awarding fees for

the prior matter, our review of the award of fees is limited. Here, as well, the probate court is best positioned to resolve this issue with findings of fact and conclusions of law.

Therefore, we decline to exercise original jurisdiction. We reverse and remand this matter to the probate court and direct the probate court to issue a statement of reasons for its January 8, 2024 order.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

*M.C. Hanley*

Clerk of the Appellate Division

A-1860-23